**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

NANJING 3H MEDICAL PRODUCTS CO., LTD. *

*Plaintiff*, *

v. * Civil Action No. RDB-24-2745

KT HEALTH, LLC, *

*Defendant*. *

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

This action arises from the Parties' dispute concerning seven patents for elastic therapeutic tape products. Plaintiff Nanjing 3H Medical Products Company, Ltd. ("Plaintiff" or "3H Medical") filed a six-count complaint for declaratory relief, alleging that Defendant KT Health, LLC ("Defendant" or "KT Health") inequitably obtained seven patents for kinesiology tape products invented by 3H Medical employees and used one of those patents to exclude 3H Medical from the online marketplace operated by Amazon.com, Inc. ("Amazon"). *See generally* (ECF No. 48). 3H Medical, which operates in China, allegedly allowed KT Health's proprietor, Reed Quinn ("Mr. Quinn"), to commercialize its kinesiology tape products in the United States in 2008, but Mr. Quinn and KT Health patented the products in their own names between 2008 and 2022. (*Id.* ¶¶ 2-3, 45-51.) In June 2024, KT Health filed a notice of infringement with Amazon.com based on one of its patents, which then removed 3H Medical's listings from its site. (*Id.* ¶¶ 131-32.)

On September 23, 2024, 3H Medical initiated this action by filing in this Court a six-Count Complaint (ECF No. 4-1) against KT Health, seeking: (1) Declaratory Judgment of

Invalidity of the KT Health Patents (Count I); (2) Declaratory Judgment of Unenforceability of the KT Health Patents (Count II); (3) Declaratory Judgment to Amend Inventorship of KT Health's Patents Under 35 U.S.C. § 256 (Count III); (4) Declaratory Judgment of Intentional Interference with Contractual Relations (Count IV); (5) Declaratory Judgment of Intentional Interference with Economic Relations (Count V); and (6) Declaratory Judgment of Unfair Competition (Count VI). (ECF No. 4-1; Am. Compl. ECF No. 48 (same)). 3H Medical's complaint challenges the validity and enforceability of seven patents—four design patents and three utility patents—that KT Health has obtained for kinesiology tape products since 2008.

Presently pending before this Court is Plaintiff KT Health's Motion to Transfer the Case to the District of Utah pursuant to 28 U.S.C. § 1404(a) (ECF No. 73) (the "Motion"), as well as four other motions filed by the Parties, including 3H Medical's two motions to dismiss (ECF Nos. 56-57). In the interest of efficiency for the Parties and the Court, the Court considers KT Health's Motion to transfer before considering the new motions to dismiss and other motions. The Parties' submissions on this Motion have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025).

For the reasons that follow, Plaintiff's Motion to Transfer the Case to the District of Utah (ECF No. 73) is GRANTED. The Court TRANSFERS this matter to the United States District Court for the District of Utah. Other pending motions (ECF Nos. 56, 57, 60, and 63) are therefore DENIED AS MOOT WITHOUT PREJUDICE TO RENEWAL by refiling in the District of Utah.[1]

---

[1] Given the Court's decision granting the motion to transfer, pending motions (ECF Nos. 56, 57, 60, and 63) are denied as moot without prejudice to renew so that the motions may be refiled, upon transfer, in the District of Utah. *See* 15 Wright & Miller's Fed. Prac. & Proc. Civ. § 3846 (4th ed.

## BACKGROUND

When Plaintiff filed this action, Defendant KT Health, LLC, was organized under the laws of Delaware with a principal place of business in American Fork, Utah. (Compl. ¶ 5; Am. Compl. ¶ 5; ECF No. 73-1 ¶ 1). KT Health maintained its principal place of business in Utah for over ten years until it was acquired in 2025. (ECF No. 73 at 1-2; ECF No. 78-1 (reporting acquisition of Utah-based KT Health by Bridges Consumer Healthcare LLC on January 16, 2025)). KT Health's principal officers and employees, and the named inventor listed on KT Health's design patents, Reed Quinn, have resided in Utah. (ECF No. 73 at 6).

Plaintiff 3H Medical is a Chinese corporation with a principal place of business in China. (Am. Compl. ¶ 4).[2]

**The Maryland Action**

Plaintiff filed this action after KT Health filed a notice of infringement with Amazon, alleging that 3H Medical's kinesiology tape products infringed KT Health's design patent U.S. Patent No. D962,344 ("the '344 Patent"). (Am. Compl. ¶¶ 1, 131). As a result of this notice, 3H Medical's product listings were removed from Amazon.com, (*id.* ¶¶ 132-33) and, due to the risk of similar notices based on other patents held by KT Health, 3H Medical removed

2018) (recognizing that when a motion to transfer pursuant to 28 U.S.C. § 1404(a) is granted and the papers are lodged with the transferee court, "the transferor court . . . loses jurisdiction over the case and may not proceed further with regard to it"); *see, e.g.*, *Estate of Nelson v. MillerKnoll, Inc.*, No. 21-CV-7811, 2023 WL 3159678, at *6 (S.D.N.Y. Apr. 28, 2023) (granting transfer and denying pending motion to dismiss as moot with leave to renew in transferee court); *Kurtz v. Intelius*, Inc., No. 2:11–CV–01009, 2011 WL 4048645, *3 (E.D. Cal. 2011) (determining, after granting motion for transfer, that "all other pending motions will not be considered by this Court and may be considered in the [transferee court]").

[2] In this action, the one counsel of record for Plaintiff 3H Medical is based in Hawaii. KT Health is represented by three attorneys based in Utah and one attorney based in Washington, D.C.

additional product listings. (Am. Compl. ¶¶ 1, 138). 3H Medical removed all physical kinesiology tape inventory from Amazon warehouses nationwide, including from Amazon Warehouse BW12 in Baltimore, Maryland. (Am. Compl. ¶¶ 1, 9).

Plaintiff's Amended Complaint seeks a declaration that it has not infringed, and is not infringing, any valid patent rights of KT Health in the '344 Patent, or other KT Health related patents, due to 3H Medical's marketing and sale of its kinesiology tape products in the United States. (Am. Compl. ¶ 3). Specifically, Plaintiff seeks a declaratory judgment regarding the following KT Health patents:

- U.S. Design Patent No. D962,344 (the "'344 patent");
- U.S. Design Patent No. D947,944 (the "'944 patent");
- U.S. Design Patent No. D988,400 (the "'400 patent");
- U.S. Design Patent No. D1,011,420 (the "'420 patent");
- U.S. Patent No. 9,308,115 (the "'115 patent");
- U.S. Patent No. 10,617,571 (the "'571 patent"); and
- U.S. Patent No. 10,973,697 (the "'697 patent").

(Am. Compl. ¶¶ 14-34).

On November 15, 2024, 3H Medical filed a motion for a preliminary injunction. (ECF No. 7). On November 20, 2024, KT Health moved to dismiss 3H Medical's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). After a hearing during which the Court heard oral argument from the Parties, the Court issued a memorandum opinion and order. (ECF No. 41). The Court granted KT Health's motion to dismiss in part, dismissing Count II

without prejudice, and the Court denied 3H Medical's motion for a preliminary injunction. (ECF No. 41 at 2).

Thereafter, 3H Medical filed an Amended Complaint (ECF No. 48) to which KT Health filed an answer and counterclaim for eleven counts of infringement on October 2, 2025. (ECF No. 45). KT Health's counterclaim for infringement is based on the '944, '400, and '420 patents, as well as the following additional utility patents:

- United States Patent No. 8,414,511 (the "'511 Patent");
- United States Patent No. 8,814,818 (the "'818 Patent");
- United States Patent No. 8,834,398 (the "'398 Patent");
- United States Patent No. 8,968,229 (the "'229 Patent");
- United States Patent No. 10,212,987 (the "'987 patent");
- United States Patent No. 10,299,953 (the "'953 Patent");
- United States Patent No. 11,096,815 (the "'815 Patent"); and
- United States Patent No. 11,206,894 (the "'894 patent").

(ECF No. 45 ¶¶ 23-24).

3H Medical filed motions to dismiss KT Health's counterclaims. 3H Medical filed a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), contending that KT Health acquired the utility patents at issue from Applied Biokinetics, LLC, but the assignment does not provide KT Health with rights to sue for past infringement (i.e. for infringement prior to the assignment on May 1, 2024). (*See* ECF No. 56 at 3-6). 3H Medical's motion to dismiss also asserts that KT Health lacks standing to pursue infringement

for the assigned patent rights absent joinder of the assignor, Applied Biokinetics, LLC. (*Id.* at 6). 3H Medical filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), contending that six of the eight utility patents were expired at the time KT Health filed its counterclaims, that KT Health failed to plead compliance with 35 U.S.C. § 287(a), and otherwise failed to plausibly allege infringement of the utility patents. (ECF No. 57 at 3). In addition, 3H Medical has filed a motion to deem the complaint allegations admitted, or alternatively, to require Defendant to file an amended answer complying with Rule 8(b). (ECF No. 60). In that motion, 3H Medical contends that certain of KT Health's responses to the complaint's allegations fail to give fair notice of what KT Health admits or denies. (*Id.* at 3). These motions, in addition to KT Health's motion for leave to file an amended answer and counterclaim (ECF No. 63), were pending when KT Health filed the present motion to transfer and have remained pending.

On March 3, 2026, KT Health filed the Motion to Transfer the Case to the District of Utah. (ECF No. 73). KT Health contends that the convenience factors of 28 U.S.C. § 1404(a) favor the District of Utah because a "virtually identical patent infringement case brought by KT" against one of 3H Medical's customers, Heali Medical Corp. ("Heali"), is pending in the District of Utah where KT Health maintained its principal place of business until recently. (ECF No. 73 at 1-2). KT Health contends "no party has any significant tie to Maryland." (*Id.*). 3H Medical opposes the transfer, asserting that as the first-filed action, the Maryland action should proceed in this venue. (ECF No. 78 at 2-4). 3H Medical notes that its customer, Heali, seeks to transfer the Utah action to the District of Maryland. (*Id.* at 4).

**The Related Utah Action**

Approximately eight-and-a-half months after 3H Medical initiated the Maryland action, on June 10, 2025, KT Health filed a complaint against 3H Medical's customer, Heali, in the United States District Court for the District of Utah (the "Utah action"). *See KT Health v. Heali Medical Corp.*, ECF No. 2, 2:25-cv-00461 (D. Utah June 10, 2025); (ECF No. 73-1 (attaching amended complaint)). Counsel for 3H Medical in the Maryland action, Matthew Aaron Pequignot, Esq., represents Heali in the Utah action. Counsel for KT Health in the Maryland action, Landon T. Laycock, Esq. and Larry R. Laycock, Esq., represent KT Health and plaintiff Applied Biokinetics, LLC[3] in the Utah action.[4]

KT Health's operative complaint (*Utah action*, ECF No. 49) alleges eleven claims of patent infringement against Heali, a Canadian corporation with a principal place of business in Ontario, Canada. (*Id.* ¶ 3). The infringement claims in the Utah action are based on KT Health patents which are also at issue in the Maryland action: the '944, '400, and '420 design patents (*id.* at 7, 9-10); and the '511, '818, '398, '229, '987, '953, '815, and '894 utility patents. (*id.* at 11, 13, 15, 17, 20, 22, 24, 26). In essence, KT Health brings infringement claims against Heali for importing and selling 3H Medical's kinesiology tape products that are sold under the Heali brand. (*Id.* ¶¶ 18, 19 33-34; *Utah action,* ECF Nos. 4-4, 4-13 (claim charts comparing the patents to Heali products); (ECF No. 78 at 2 ("Heali is a downstream customer of 3H. 3H

[3] KT Health filed a Second Amended Complaint in the Utah Action on May 15, 2026, which added utility patent assignor, Applied Biokinetics, LLC, as a plaintiff. (*See Utah Action*, ECF No. 49). Applied Biokinetics, LLC is a Texas limited liability company, which is principally based in Texas. (*id.* ¶ 2).

[4] As referenced *supra* note 2, counsel for 3H Medical and Heali is based in Hawaii. Two attorneys that represent KT Health in both actions are based in Utah.

manufactures the accused kinesiology-tape products, and Heali resells those products under the Heali brand.").

The Parties previously briefed motions to dismiss, which were denied as moot given the Court's decision granting KT Health leave to file an amended complaint. (*Utah action*, ECF Nos. 46-48). The Court has deferred consideration of any new motions to dismiss until after the Court resolves Heali's request to transfer the case. (ECF No. 46).

On April 28, 2026, Heali filed a motion to transfer the action to the District of Maryland. (*Utah action*, ECF No. 40). Heali argues that the action should be transferred pursuant to the first-to-file rule because the later-filed customer suit "substantially overlaps with the first-filed Maryland manufacturer action," and the Maryland action has resolved substantial motion practice. (*Id.* at 1-2). KT Health opposed the motion to transfer (ECF No. 50). The Court denied Heali's initial motion to transfer (*Utah action*, ECF No. 52), finding that Heali failed to show that venue would be proper in the proposed forum pursuant to 28 U.S.C. § 1404(a), because it provided no facts to support that Heali would be subject to personal jurisdiction in Maryland. (*Utah action*, ECF No. 52 at 5).

On July 24, 2026, Heali filed a renewed motion to transfer the action to the District of Maryland, which contends that personal jurisdiction exists because Heali "deliberately served the United States market for the accused products" through commercial channels that resulted in sales and shipments to Maryland. (*Utah action*, ECF Nos. 53, 53-1 ¶¶ 7-9). KT Health opposes the renewed motion (*Utah action*, ECF No. 56). Heali's competing motion to transfer remains fully briefed and pending before the District of Utah.

## STANDARD OF REVIEW

**Change of Venue**

Pending before the Court is KT Health's motion to transfer pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

*Id.* As Judge Hollander of this Court noted in *International Painters & Allied Trade Industry Pension Fund v. McCormick Painting Co.*, ELH-24-2621, 2025 WL 895391, at *5 (D. Md. Mar. 24, 2025), "§1404(a) 'reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice.'" *Id.* (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). As the Supreme Court explained in *Van Dusen*, this helps "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" 376 U.S. at 616 (citation omitted).

A motion to transfer under § 1404(a) "calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). These include: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Tr. of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *see, e.g.*, *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008); *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005); *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002). Other factors include the "local interest in having localized

controversies settled at home." *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004) (citation omitted).

The movant bears the burden of showing, by a preponderance of the evidence, that transfer to another venue is proper. *Kimber v. Plus3 IT Sys., LLC*, ELH-18-3046, 2019 WL 1518970, at *3 (D. Md. Apr. 5, 2019). A district court has broad discretion in determining whether a transfer pursuant to § 1404(a) is proper. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). That determination is made according to an "individualized, case-by-case consideration of convenience and fairness." *Id.*; *Longo v. Trojan Horse, Ltd.*, 992 F.Supp.2d 612, 618 (E.D.N.C. 2014) ("As the Court considers such factors, it bears in mind that the ultimate decision of whether transfer is appropriate is not reached by cataloguing the weighted result of each factor, but rather is within the 'art of judging.'" (citation omitted)).

**First-to-File Rule**

Although the existence of related litigation in another forum and the first-to-file rule are sometimes analyzed separately, "the policies served by transfer are similar in both instances" and "both are properly considered as components of the interest of justice." *Capitol Payment Systems, Inc. v. Di Donato*, ELH-16-882, 2017 WL 2242678, at *12 (D. Md. May 23, 2017) (quoting *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)).

Courts apply the first-to-file rule in determining "which of two identical or substantially similar suits should proceed." *LWRC International, LLC v. Mindlab Media, LLC*, 838 F. Supp. 2d 330, 337 (D. Md. 2011). Generally, the rule affords "priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Id.*; *accord* 15 Wright & Miller's Fed. Prac. & Proc. Civ.

§ 3854 (4th ed. 2018) ("[W]hen two courts have concurrent jurisdiction over a dispute involving the same parties and issues, as a general proposition, the forum in which the first-filed action is lodged has priority.[]").

Courts have recognized several exceptions to the first-to-file rule, including the convenience considerations for transfer. For example, the transfer of the first-filed suit to the forum of a second-filed suit is appropriate where there is a "showing of a balance of convenience in favor of the second [forum]." *Learning Network, Inc. v. Discovery Comms., Inc.*, 11 Fed.Appx. 297, 300 (4th Cir. 2001) (citing *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974)); *see also, e.g.*, *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("Justification for an exception [to the first-to-file rule] may be found in 'the convenience and availability of witnesses, . . . the possibility of consolidation with related litigation, or considerations relating to the real party in interest.'"); *Smithfield Packing Co. v. V. Suarez & Co.*, 857 F. Supp. 2d 581, 585 (E.D. Va. 2012) ("'The court must balance the convenience between the two actions before deciding whether application of the first-to-file rule is appropriate in a given situation.'" (citation omitted)). In considering the "showing of convenience," courts often look to the factors considered when evaluating a motion to transfer under 28 U.S.C. § 1404(a). *See* Wright & Miller, *supra*, § 3854 at 339-43 ("Exceptions to the first-filed rule apply when the Section 1404(a) factors weigh in favor of giving priority to the second action."). "Other scenarios giving rise to exceptions to the first-to-file rule include bad faith, anticipatory suits, and forum shopping." *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 724 (E.D. Va. 2005).

## ANALYSIS

KT Health petitions this Court to transfer this case to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a). (ECF No. 73 at 1). This action could originally have been filed in that court, and the relevant factors weigh in favor of a transfer. Therefore, KT Health's Motion will be GRANTED.

### A. Preliminary Inquiry: Venue in the District of Utah

As a threshold matter, Section 1404(a) requires that the transferee court be one where the case could originally have been brought. To make that showing, venue in the transferee court must be proper, and that court must have personal jurisdiction over the defendant. *See Int'l Painters & Allied Trade Indus. Pension Fund v. Miller Painting Co.*, ELH-24-3441, 2025 WL 1382900, at *5 (D. Md. May 13, 2025) (citation omitted). With respect to venue, 28 U.S.C. § 1391 provides that venue exists for a civil action before a federal district court in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In turn, Section 1391(c) defines "residency" for venue purposes to include:

> an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a

> plaintiff, only in the judicial district in which it maintains its principal place of business[.]

In this action, venue in the District of Utah is proper because Defendant KT Health, LLC, at the time of filing this Complaint was a limited liability company with its principal place of business in Utah. (Compl. ¶ 5; Am. Compl. ¶ 5; ECF Nos. 73 at 1-2, 73-1 ¶ 1). Thus, KT Health is subject to personal jurisdiction in Utah and is considered a "resident" of Utah for venue purposes under 28 U.S.C. § 1391(c). *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (stating that corporations are subject to "general jurisdiction" in places where they are "fairly regarded as at home"); *Nasdac Grp. Mgmt. Consultancies v. Club Swan, LLC*, No. 2:23-cv-00569, 2024 WL 5263758, at *7 (D. Utah Dec. 31, 2024) (finding defendant limited liability companies subject to general personal jurisdiction in the state because they were based in Utah); *see also Finn v. Great Plains Lending, LLC*, No. 15-4658, 2016 WL 705242, *n.3 (E.D. Pa. Feb. 23, 2016) (recognizing Supreme Court jurisprudence regarding general personal jurisdiction applies "with equal force" to limited liability companies (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)).

Personal jurisdiction is assessed at the time the action is served, so the fact that KT Health was acquired months after this action was filed by a business principally based elsewhere does not change the analysis. *See Wego Chemical & Mineral Corp. v. Magnablend Inc.*, 945 F.Supp.2d 377, 386 (E.D.N.Y. 2013) ("[T]he Court looks to whether it could assert personal jurisdiction over the defendant at the time jurisdiction is sought to be asserted." (citation omitted)). Therefore, the Court finds that this action could have originally been brought in Utah.

**B. Venue Convenience Factors**

*1. Plaintiffs' Choice of Venue*

"As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Tr. of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). "This is particularly true where 'the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action.'" *See Int'l Painters & Allied Trade Indus. Pension Fund v. Miller Painting Co.*, ELH-24-3441, 2025 WL 1382900, at *11 (D. Md. May 13, 2025) (quoting *comScore, Inc. v. Integral Ad Science, Inc.*, 924 F. Supp. 2d 677, 682 (E.D. Va. 2013)).

However, the plaintiff's choice is accorded significantly less weight "when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy." *Id.* (quoting *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002)); *accord Bannister v. Wal-Mart Stores E., L.P.*, 843 F. Supp. 2d 610, 615 (E.D.N.C. 2012) ("[T]he deference given to a plaintiff's choice of forum is proportionate to the relationship between the forum and the cause of action."); *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 473 (D. Md. 2008) ("[A] court need not accord the choice as much weight when the 'forum has no connection with the matter in controversy.'" (citation omitted)); *Sullivant Ave. Props., LLC*, 508 F. Supp. 2d at 477 (observing that the weight of plaintiff's choice of forum "varies depending on the significance of the contacts between the venue chosen by Plaintiff and the underlying cause of action").

Here, Plaintiff 3H Medical, a foreign corporation, is not at home in Maryland, (Am. Compl. ¶ 4); neither is KT Health (formerly based in Utah and currently based in Tennessee), (*id.* ¶ 5; ECF No. 78-1) or any of the other relevant entities, such as Applied Biokinetics, LLC (organized and based in Texas) or Heali (organized and based in Canada). (*See Utah Action*, ECF No. 49 ¶¶ 2-3).

Plaintiff's choice of forum is also accorded less weight because the "conduct giving rise to this suit . . . occurred almost exclusively outside of Maryland." *Capitol Payment Sys., Inc. v. Di Donato*, ELH-16-882, 2017 WL 2242678, at *13 (D. Md. May 23, 2017) (transferring action filed by plaintiff resident of Maryland to New Jersey). Indeed, upon a motion to transfer a patent infringement claim that is not brought in plaintiff's home jurisdiction (as is the case here), courts often find the defendant's home jurisdiction the most convenient as the location where the "majority of development, testing, research, production, and decisions regarding marketing and sales took place." *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1193 (S.D. Fla. 2007) (collecting cases); 15 Wright & Miller's Fed. Prac. & Proc. Civ. § 3849 n.29 (4th ed. 2018) (similar) (citing, *inter alia*, *Advanced Fiber Technologies (AFT) Trust v. J & L Fiber Services, Inc.*, No. 07–CV–1191, 2008 WL 4890377, *4 (N.D. N.Y. 2008) and *Heerema Engineering Services, B.V. v. Transocean, Inc.*, No. 07–2170, 2008 WL 1766976, *3 (W.D. La. 2008)).

The same logic applies here. The gravamen of 3H Medical's Amended Complaint alleges that Reed Quinn, the listed inventor on KT Health's design patents at issue, wrongfully applied for patents listing himself as the inventor, even though certain features covered by the patents were invented by 3H Medical's personnel. (ECF No. 48 ¶¶ 14-34, 177). According to

3H Medical, Reed Quinn used his company KT Health to sell and market these kinesiology tape products in the United States. (ECF No. 48 ¶ 55). Reed Quinn resides in Utah, where KT Health was principally based, (ECF No. 73 at 1-2, 6; Compl. ¶ 5; Am. Compl. ¶ 5; ECF No. 73-1 ¶ 1), and patents at issue reflect this Utah connection. (*See, e.g.*, ECF Nos. 45-1 ('944 patent), 45-2 ('400 patent), 45-3 ('420 patent)).

As for Maryland connections, 3H Medical claims that, as a result of the infringement notice submitted to Amazon, 3H Medical was required to remove the allegedly infringing products from Amazon warehouses nationwide, including from one located in Baltimore, Maryland. (ECF No. 78 at 4 (citing ECF No. 48 ¶ 9); *see also* ECF No. 48 ¶ 138). As Defendant KT Health aptly observes, this connection is a "slender reed indeed." (ECF No. 80 at 5). This connection does not weigh in favor of convenience because it does not bear on the central issue in this dispute: the propriety of the patents claimed by Reed Quinn and KT Health. *See Capitol Payment Sys. Inc.*, 2017 WL 2242678, at *9 (explaining that while defendant may have contacted plaintiff in Maryland, transfer was proper because "Maryland has relatively little connection to the merits of the underlying dispute"); *Cellularvision Tech. & Telecomm.*, 508 F. Supp. 2d at 1192-94 (granting defendant's motion to transfer patent infringement to defendants' home jurisdiction where majority of development, research, and decisions regarding sales took place); *KAB Enterprise Co. v. Ursich Elec. Prods. Inc.*, No. 06-4361, 2007 WL 1118308, *2-4 (E.D. Pa. 2007) (ordering transfer to defendant's home state in patent infringement suit brought by foreign plaintiff since "none of the parties have any connection to [the transferor state]"). Therefore, the weight given to Plaintiff 3H Medical's choice of forum is minimal and is an insufficient basis to keep this action in the District of Maryland.

*2. Convenience of Witnesses*

"Perhaps the most important factor to be considered by a court in passing on a motion to transfer is the convenience of the witnesses." *Cronos Containers, Ltd. v. Amazon Lines*, Ltd., 121 F. Supp. 2d 461, 466 (D. Md. 2000) (citation omitted); *accord McCormick Painting Co., Inc.*, 2025 WL 895391, at *13; *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 473 (D. Md. 2008). However, "the convenience of witnesses who are employees of a party is entitled to less weight because that party can obtain their presence at trial." Wright & Miller, *supra*, § 3851 at 278 (4th ed. 2018).

Defendant KT Health contends that Utah is where "most of [its] witnesses reside" as it is where it maintained its principal place of business and where it "continues to maintain active business status in the state." (ECF No. 73 at 1, 6). Defendant KT Health identifies Reed Quinn, the inventor listed on each of KT Health's design patents, as a resident of Utah. (ECF No. 73 at 6). Meanwhile, KT Health emphasizes that "[n]one of the witnesses for either side reside in Maryland, and traveling to Maryland poses an unreasonable burden." (*Id.*). In response, 3H Medical does not identify any witnesses that reside in Maryland. (*See generally* ECF No. 78; *id.* at 8-11). Instead, 3H Medical identifies "critical third party witnesses," including the named inventor of KT Health's utility patents, located in Spring, Texas; and other witnesses located in Prairie du Sac, Wisconsin; Massachusetts, and Crown Point, Indiana. (ECF No. 78 at 4, 8-11).[5]

[5] 3H Medical filed a supplemental notice in opposition to KT Health's Motion, explaining a witness from Oregon, who was cited in 3H Medical's opposition (ECF No. 78 at 9) is now deceased. (ECF No. 79 at 1).

The Court finds that, on balance, this factor is neutral. KT Health has not specifically identified witnesses beyond Reed Quinn in Utah, who is a proprietor of KT Health, and therefore not a third party witness. However, 3H Medical has not identified a single witness in Maryland, and the additional witnesses identified by 3H Medical provide no clear direction regarding venue—their locations involve comparable travel to the District of Maryland and the District of Utah courthouses.

*3. Convenience of the Parties*

"A defendant moving for transfer must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer." Wright & Miller, *supra*, § 3849 at 217. Notably, "transfer will be refused if the effect of a change of venue would be merely to shift the inconvenience from one party to the other." *Id.* at 216.

Here, KT Health has shown that Maryland is an inconvenient forum because no witnesses are located here, none of the parties or counsel reside in Maryland, and the travel required imposes an unreasonable burden on KT Health because most of its witnesses, including Reed Quinn, and counsel for KT Health are located in Utah. (ECF No. 73 at 1, 6; ECF No. 80 at 1-2). As noted *supra*, Utah is the more convenient forum because it was the "center of gravity" for the accused activity. *See, e.g.*, *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02–CV–2538, 2003 WL 21251684, *3 (N.D. Tex. May 23, 2003) ("In a patent infringement action, the preferred forum is that which is the center of gravity of the accused activity.").

In addition, Plaintiff 3H Medical will not be substantially inconvenienced by a transfer. "Plaintiff [] has not contended that any of its witnesses reside in Maryland, and since [Plaintiff] is a foreign corporation, neither it nor its witnesses will be inconvenienced by having to travel from [China to Utah] rather than to Maryland." *Cronos Containers, Ltd.*, 121 F. Supp. 2d at 465-66 (finding convenience of the parties weighed in favor of defendant's requested transfer); *KAB Enterprise Co.*, 2007 WL 1118308, at *2-4 (similar). Further, as KT Health correctly observes, 3H Medical's only counsel of record in this case is based in Hawaii, which is closer to Utah, and therefore the time zone differential among the parties and the court would be reduced in Utah. (ECF No. 73 at 7).

The Court finds that the convenience of the parties factor weighs in favor of transfer.

4. *Interest of Justice*

The final factor considers whether transfer is in the interest of justice. This factor is "amorphous and somewhat subjective," and allows a court to "consider many things." Wright & Miller, *supra*, § 3854. This Court "may appropriately consider the 'conservation of judicial resources and comprehensive disposition of litigation.'" *Cronos Containers*, 121 F. Supp. 2d at 466 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Indeed, the Supreme Court has suggested that "great weight" should be given to avoid the multiplicity of litigation because Section 1404(a) was designed to prevent wastefulness of time, energy, and money that ensues when two actions involving the same issues are pending in two judicial districts. *See* Wright & Miller, *supra*, § 3854 (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)). Generally, the forum of the first-filed action has priority unless the Section

1404(a) convenience factors weigh in favor of the second action or other special circumstances justify giving priority to the later-filed action. Wright & Miller, *supra*, § 3854 nn.12-13 (collecting cases).

Under the circumstances present here, the Maryland and Utah actions should be consolidated because they involve substantially similar claims. The actions involve a declaratory action of non-infringement and inverse claims of patent infringement related to overlapping patents held by KT Health. *Compare* (ECF No. 48, Am. Compl. ¶¶ 14-34 (seeking declaratory relief finding no infringement of design patents '944, '420, and '400)), *with* (*Utah action*, ECF No. 49 at 7, 9-10 (alleging infringement of the '944, '420, and '400 design patents, in addition to utility patents listed in counterclaim in Maryland action)). Although the Utah action was filed eight-and-a-half months after the Maryland action was filed and this Court has resolved preliminary motions, the Court declines to apply the first-to-file rule here where the convenience factors favor Utah; there is little-to-no connection to Maryland; and both cases remain in the pleading stages. *Capitol Payment Systems, Inc.*, 2017 WL 2242678, at *14 (declining to adhere to the first-to-file rule to keep the action in Maryland where, "[o]n balance," the convenience factors favored New Jersey (citing *Learning Network Inc. v. Discovery Comms., Inc.*, 11 Fed.Appx. 297, 300 (4th Cir. 2001)).

Finding the first-to-file rule ill-suited for the facts of this case, the Court next considers whether transfer is otherwise in the interest of justice. The Court finds that the interest of justice favors transfer because transferring the case would avoid duplicative litigation, such as these competing motions to transfer in the two districts, (*see* ECF No. 73; *Utah action*, ECF Nos. 40, 53), and it would avoid inconsistent rulings regarding the overlapping patents at issue.

*See Capitol Payment Systems, Inc.*, 2017 WL 2242678, at *14 ("When a similar case is already pending in another district, transfer of related claims is 'favored' because it 'may facilitate efficient pretrial proceedings and discovery' and also 'because it avoids inconsistent results.'" (quoting *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 783 (D. Md. 2009)). Further, consolidating the cases in Utah would also ensure that a forum with an actual connection to the disputed patents resolves the controversy, rather than this court, which is only tenuously connected to one of the alleged infringers. *Cf. Miller*, 2025 WL 1382900, at *5 (recognizing justice promoted by "having localized controversies settled at home"); (*see also Utah action*, ECF No. 52 (denying Heali's motion to transfer action to Maryland in part because Heali failed to provide facts to support that Heali would be subject to personal jurisdiction in the state)).

In sum, the convenience factors above weigh in favor of transferring this case to the United States District Court for the District of Utah. Plaintiff 3H Medical's choice of forum here is diminished because the parties have almost no connection to Maryland and have been unable to identify a single party, witness, or counsel of record with a connection to the forum. By contrast, a key witness, the named inventor on KT Health's design patents, resides in Utah, where KT Health maintained its principal place of business until recently and where KT Health's counsel of record resides. The transfer is in the interest of justice because, upon transfer, the case may be consolidated with the pending related action against 3H Medical's customer, Heali. Having conducted an "individualized, case-by-case consideration of convenience and fairness," *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), the Court concludes that this case is best litigated in the District of Utah. Accordingly, the Court will GRANT KT Health's Motion to Transfer. (ECF No. 73).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Transfer (ECF No. 73) is GRANTED. The Court TRANSFERS this matter to the United States District Court for the District of Utah. Other pending motions (ECF Nos. 56, 57, 60, and 63) are therefore DENIED AS MOOT WITHOUT PREJUDICE TO RENEWAL by refiling in the District of Utah.

A separate Order follows.

Date: September 4, 2026

/s/
Richard D. Bennett
United States Senior District Judge